**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30222 |
| Plaintiff - Appellee, | D.C. No. 9:11-cr-00057-DWM-1 |
| v. | |
| DAN OAHEYOH TWO FEATHERS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 10, 2013[**]
Portland, Oregon

Before: KOZINSKI, Chief Judge, and BERZON and HURWITZ, Circuit Judges.

Dan Two Feathers appeals the sentence imposed after he pleaded guilty to

conspiracy to commit investment fraud, in violation of 18 U.S.C. §§ 371 and 1343,

investment fraud, in violation of 18 U.S.C. § 1343, receipt of stolen money in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

interstate commerce, in violation of 18 U.S.C. § 2315, and money laundering, in violation of 18 U.S.C. § 1956. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** Two Feathers first argues that the district court erred by determining the amount of loss caused only by a preponderance of the evidence, rather than by requiring clear and convincing evidence. *See United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008); U.S. Sentencing Guidelines Manual § 2B1.1(b)(1) (2012). The argument fails because the district court did find that the loss amount had been proved by clear and convincing evidence.

**2.** The district court also did not err by including in the loss amount attributable to Two Feathers $700,000 that two of his co-conspirators retained for personal use. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1) (2012). "[I]n the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" shall be factored in when calculating a defendant's offense level. *Id.* § 1B1.3(a)(1)(B). And § 2B1.1(b)(1) is based on loss to the victims, not gain to the defendant. *See Armstead*, 552 F.3d at 778-79; U.S.S.G. § 2B1.1 app. n. 3(C). Two Feathers could have reasonably foreseen the losses caused when the two co-conspirators solicited money

2

as part of the investment scheme, whether or not he could have foreseen that his co-conspirators would have kept the money rather than forwarding it as the scheme contemplated. *See United States v. Treadwell*, 593 F.3d 990, 1004 (9th Cir. 2010).

**AFFIRMED.**